UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| DANIELLE MARI RODRIGUEZ, Plaintiff, v. HOUSING ALLIANCE AND COMMUNITY PARTNERSHIPS (formerly Pocatello Housing Authority); and DR. JARED MANGUM, in his official and individual capacity, Defendants. | Case No. 4:26-cv-00173-DCN **MEMORANDUM DECISION AND ORDER** |

## I. INTRODUCTION

Before the Court is Plaintiff Danielle Rodriguez's Complaint (Dkt. 2), Application for Leave to Proceed in Forma Pauperis (Dkt. 1), and Emergency Motion for Temporary Restraining Order (Dkt. 3).

Under 28 U.S.C. § 1915, the Court must review Rodriguez's request to determine whether she is entitled to proceed in forma pauperis—which permits civil litigants to proceed without prepayment of the filing fee or to pay the filing fee over time. *Rice v. City of Boise City*, 2013 WL 6385657, at *1 (D. Idaho Dec. 6, 2013). The Court must also undertake an initial review of the Complaint to ensure it meets the minimum required standards. *See* 28 U.S.C. § 1915(e)(2).

For the reasons explained below, the Court GRANTS Rodriguez's application to proceed in forma pauperis and will waive the filing fee. Further, the Court finds

MEMORANDUM DECISION AND ORDER - 1

Rodriguez's Complaint legally sufficient to survive initial review.[1] The Court will not, however, take an emergency action until it has heard from Defendants.

## II. APPLICATION TO PROCEED IN FORMA PAUPERIS

"[A]ny court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal . . . without prepayment of fees or security therefor." 28 U.S.C. § 1915(a)(1). In order to qualify for in forma pauperis status, a plaintiff must submit an affidavit that includes a statement of all assets she possesses and indicates that she is unable to pay the fee required. The affidavit is sufficient if it states that the plaintiff, because of her poverty, cannot "pay or give security for the costs" and still be able to provide for herself and dependents "with necessities of life." *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948). The affidavit must "state the facts as to affiant's poverty with some particularity, definiteness and certainty." *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (internal quotation marks omitted) (quoting *Jefferson v. United States*, 277 F.2d 723, 725 (9th Cir. 1960)).

The Court has examined Rodriguez's application to proceed in forma pauperis and finds it conclusively establishes her indigence. Rodriguez lists her monthly income as $791—consisting of retirement payments, disability payments, and food stamps. Dkt. 1, at 2. She claims her monthly expenses are roughly $400. *Id*. at 4. Rodriguez is unemployed and has no assets to speak of. While Rodriguez appears to make more than she spends, as will be explained below, that is about to change, and her expenses will significantly

---

[1] Considering this holding, the Court will also effectuate service on Rodriguez's behalf. *See* Federal Rule of Civil Procedure 4(c)(3), 28 U.S.C. § 1915.

MEMORANDUM DECISION AND ORDER - 2

overtake her income. Thus, the Court finds Rodriguez is indigent and may proceed without pre-payment of the filing fee. Rodriguez's Motion to Proceed In Forma Pauperis is GRANTED and the filing fee is waived.

### III. SUFFICIENCY OF COMPLAINT

The Court is required to screen complaints that are brought by litigants who seek in forma pauperis status. *See* 28 U.S.C. § 1915(e)(2); *see also Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) ("[S]ection 1915(e) applies to all in forma pauperis complaints, not just those filed by prisoners"). The Court must dismiss a plaintiff's complaint, or any portion thereof, if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B)(i-iii). To state a claim upon which relief can be granted, a plaintiff's complaint must include facts sufficient to show a plausible claim for relief. *See Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009) (citing *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544 (2007)). The plaintiff cannot simply recite the elements of a cause of action and try to support that recitation with mere conclusory statements. *Id.* at 678.

During this initial review, courts generally construe pro se pleadings liberally, giving pro se plaintiffs the benefit of any doubt. *See Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000). Even so, plaintiffs—whether represented or not—have the burden of articulating their claims clearly and alleging facts sufficient to support review of each claim. *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992). Additionally, if amending the complaint would remedy the deficiencies, plaintiffs should be notified and provided an opportunity to amend. *See Jackson v. Carey*, 353 F.3d 750, 758 (9th Cir. 2003).

MEMORANDUM DECISION AND ORDER - 3

In this case, Rodriguez alleges she has been the recipient of public housing assistance funds from Defendants for almost 10 years. Rodriguez qualified for this assistance based upon certain disabilities. As a result, Defendants paid Rodriguez's $1,100 rent payment each month. Last fall, Defendants notified Rodriguez she needed to complete her annual recertification. There were some problems with Rodriguez's materials and Defendants gave her multiple opportunities to fix those problems. Defendants also warned Rodriguez she needed to comply by certain deadlines or face losing benefits. Ultimately, Defendants terminated Rodriguez from the program. Without assistance, Rodriguez will be required to pay rent from her own funds beginning April 1, 2026.

Rodriguez alleges Defendants failed to provide her due process and violated her rights as a disabled individual when they terminated her from the program. She claims the hearing Defendants held that resulted in the determination she no longer qualified for assistance did not conform with the protections outlined in the Fourteenth Amendment. Dkt. 2, at 13. She further asserts Defendants failed to provide her with a reasonable accommodation under the Rehabilitation Act. *Id*. at 15.

At face value, Rodriguez's complaint survives an initial analysis under 28 U.S.C. § 1915(e)(2): (1) the complaint is neither frivolous nor malicious; (2) the complaint states a claim upon which relief can be granted; (3) and the complaint does not seek monetary relief from a defendant immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B)(i–iii). In specifically addressing the second prong under 28 U.S.C. § 1915(e)(2), Rodriguez's complaint alleges facts sufficient to show a plausible claim for relief. *See Ashcroft*, 556 U.S. at 677–78 (2009) (citing *Twombly,* 550 U.S. 544).

MEMORANDUM DECISION AND ORDER - 4

While the Court is not determining the ultimate likelihood of success on any of Rodriguez's causes of action, the Court nonetheless finds the Complaint overcomes the low threshold at this early stage to survive initial review.

Rodriguez has also filed an Emergency Motion for Ex Parte Temporary Restraining Order (Dkt. 3) alleging the Court should enjoin Defendants from changing anything about her benefits during the pendency of this suit. Rodriguez claims she will become homeless on April 1, 2026, if the Court fails to step in and do something. *See generally id.*

The Court is sympathetic to the stressful situation Rodriguez is in. However, it cannot grant ex parte emergency relief at this time for various reasons.

First, insofar as Rodriguez claims she has served her papers on Defendants (even informally), the Court finds it appropriate to give Defendants a chance to respond to her emergency request.

Second, it is not *clear* Rodriguez will suffer any immediate harm on April 1, 2026. She could ask for a short extension from her landlord, make a partial (even if only nominal) payment, or undertake other action to alleviate the immediate problem. Even in the extreme event that she can't pay any rent or secure an extension, she will (likely) not be evicted immediately on April 1, 2026.

Finally, and most importantly, were the Court to grant Rodriguez's request, it would find itself in the awkward position of either: 1) requiring an agency to provide financial assistance to someone it already determined was not eligible for that assistance, or 2) negotiating some type of resolution between Defendants, Rodriguez, and Rodriguez's landlord to abate the current problem.

MEMORANDUM DECISION AND ORDER - 5

For these reasons, the Court will not grant Rodriguez's Motion at this time on an ex parte basis. It wishes to hear first from Defendants.

## IV. CONCLUSION

Rodriguez's application to proceed in forma pauperis is GRANTED and the Court will waive the filing fee. Additionally, Rodriguez's Complaint is legally sufficient at this stage, and this case may proceed. The Court will not, however, grant any type of extraordinary relief without first hearing from Defendants.

## V. ORDER

1. Rodriguez's Application for Leave to Proceed in Forma Pauperis (Dkt. 1) is GRANTED. No filing fee is required.

2. After an initial review of the Complaint, the Court will allow Rodriguez to proceed with her claims against Defendants.

4. Because the Court has granted Rodriguez in Forma Pauperis status, pursuant to Federal Rule of Civil Procedure 4(c)(3) and 28 U.S.C. § 1915, the Court will serve Rodriguez's documents on Defendants as follows:

   a. The Clerk of the Court shall forward a copy of the Complaint (Dkt. 2), a copy of Rodriguez's Emergency Motion (Dkt. 3), a copy of this Order (Dkt. 6), and a Waiver of Service of Summons to both Defendants at 711 North 6th Ave, Pocatello, ID, 83201.

   b. The Court will allow each Defendant to waive service of summons by executing, or having their counsel execute, the Waiver of Service of Summons as provided by Fed. R. Civ. P. 4(d) and returning it to the

Court within thirty (30) days. If any Defendant chooses to return the Waiver of Service of Summons, the answer or pre-answer motion shall be due in accordance with Federal Rule of Civil Procedure 12(a)(1)(A)(ii).

c. If Rodriguez receives a notice indicating that service *will not* be waived, she shall have an additional thirty (30) days from the date of such notice to file a notice of physical service, in which case the Court will require its officers to effect service. If Rodriguez fails to file such notice, her claims may be dismissed without prejudice and without further notice.

DATED: March 30, 2026

David C. Nye
U.S. District Court Judge

MEMORANDUM DECISION AND ORDER - 7