UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| DANIELLE MARI RODRIGUEZ,<br><br>        Plaintiff,<br><br>v.<br><br>HOUSING ALLIANCE AND<br>COMMUNITY PARTNERSHIPS<br>(formerly Pocatello Housing Authority);<br>and DR. JARED MANGUM, in his<br>official and individual capacity,<br><br>        Defendants. | Case No. 4:26-cv-00173-DCN<br><br>**MEMORANDUM DECISION<br>AND ORDER** |

## I. INTRODUCTION AND BACKGROUND

Before the Court are Plaintiff Danielle Rodriguez's Motion to Appoint Counsel (Dkt. 9) and Renewed Emergency Motion for Temporary Restraining Order (Dkt. 12).[1]

On March 25, 2026, Rodriguez filed an Application to Proceed In Forma Pauperis (Dkt. 1), Complaint (Dkt. 2), and Emergency Motion for Temporary Restraining Order (Dkt. 3). On March 30, 2026, the Court issued an Initial Review Order addressing these filings. Dkt. 6.

---

[1] Rodriguez also filed an Emergency Motion to Expedite Hearing on her Renewed Motion for Temporary Restraining Order. Dkt. 15. Unfortunately, the Court's calendar is full, such that it cannot hold a hearing on this short notice. However, by way of the instant decision, the Court hopes to move this case along. Of concern, Rodriguez states this situation has pushed her into a "life-threatening psychological crisis, including cycles of self-harm ideation." *Id*. The Court counsels Rodriguez to remain calm and seek professional help if necessary. The Court endeavors to work as quickly and efficiently as it can; especially on time-sensitive matters. With over 450 cases and numerous hearings, motions, and other obligations already scheduled, it is doing the best it can to provide all parties a fair opportunity to be heard and reach a fair, just, and impartial outcome.

MEMORANDUM DECISION AND ORDER - 1

First, the Court granted Rodriguez's Application and allowed her to proceed without prepaying filing fees. *Id*. at 2–3. Second, the Court screened Rodriguez's Complaint and found it met the low threshold of sufficiency. *Id*. at 3–5. Finally, the Court declined to grant any temporary relief—especially on an ex parte basis—without first hearing from Defendants. *Id*. at 5. It advised Rodriguez to try to work with Defendants and/or her landlord to address the immediate problem of her April rent payment. *Id*.

On April 3, 2026, Counsel for Defendants Housing Alliance and Community Partnerships ("HACP") appeared. Dkt. 8.

On April 6, 2026, Rodriguez filed a Motion to Appoint Counsel (Dkt. 9) explaining she needed assistance in addressing matters in this Court (and Idaho state court). Rodriguez also filed her state court documents with this Court for its review and requested another Temporary Restraining Order so that her housing assistance will be paid out during the pendency of this litigation.

## II. DISCUSSION

### A. Motion to Appoint Counsel

Unlike criminal defendants, pro se and indigent litigants in civil actions have no constitutional right to counsel unless their physical liberty is at stake. *Lassiter v. Dep't of Social Services*, 452 U.S. 18, 25 (1981). Whether a court appoints counsel for indigent litigants in civil cases is within the court's discretion. *See Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986). Counsel should be appointed in civil cases only in "exceptional circumstances." *Id.* To determine whether exceptional circumstances, exist, the Court should evaluate two factors: (1) the likelihood of success on the merits of the case, and (2)

MEMORANDUM DECISION AND ORDER - 2

the ability of the plaintiff to articulate his claims pro se in light of the complexity of legal issues involved. *Terrell v. Brewer*, 945 F.2d 1015, 1017 (9th Cir. 1991). Neither factor is dispositive, and both are evaluated together. *Id.*

First, the Court has already found that Rodriguez's claims pass the low threshold necessary to survive review under 28 U.S.C. § 1915. The Court appreciates the matters in this case—housing assistance—are important. But it cannot say whether Rodriguez's claims have merit based on the limited record before it. Second, Rodriguez has been able to articulate her claims quite well. Her filings are typed, understandable, and reference caselaw. Although it does appear Rodriguez has some mental and cognitive disabilities, it is clear she is intelligent and can adequately represent herself at this time.

What's more, experience has shown it is extremely difficult to find pro bono representation in eastern Idaho and can take significant time. Considering the time-sensitive nature of the allegations in this case, trying to find representation would likely only delay things further.

For all of these reasons, the Court DENIES the Motion to Appoint Counsel at this time. That said, Rodriguez is encouraged to reach out to Idaho Legal Aid and other legal assistance programs to see what resources, if any, are available.

## B. Emergency Temporary Restraining Order

As the Court previously noted, it would like to hear from Defendants before it rules on Rodriguez's motions for emergency relief. Accordingly, the Court hereby orders HACP to respond to Rodriguez's Motions on or before April 10, 2026. The Court specifically asks HACP to address whether it is possible, or appropriate, for them to provide one or two

MEMORANDUM DECISION AND ORDER - 3

additional months of assistance while this litigation commences to alleviate Rodriguez's

immediate concerns about homelessness. HACP's response should be limited in scope and

address only Rodriguez's TRO requests; it will have its full opportunity later to Answer or

otherwise respond to Rodriguez's Complaint and the formal allegations contained therein.

### III. ORDER

1.    Rodriguez's Motion to Appoint Counsel (Dkt. 9) is DENIED without

prejudice.

2.    Defendants shall respond to Rodriguez's Motions for Temporary Restraining

order (Dkts. 3, 12) on or before **April 10, 2026**.

DATED: April 7, 2026

David C. Nye
U.S. District Court Judge