UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| DANIELLE MARI RODRIGUEZ,<br><br>          Plaintiff,<br><br>v.<br><br>HOUSING ALLIANCE AND<br>COMMUNITY PARTNERSHIPS<br>(formerly Pocatello Housing Authority);<br>and DR. JARED MANGUM, in his<br>official and individual capacity,<br><br>          Defendants. | Case No. 4:26-cv-00173-DCN<br><br>**MEMORANDUM DECISION<br>AND ORDER** |

## I. INTRODUCTION AND BACKGROUND

On March 25, 2026, Rodriguez filed an Application to Proceed In Forma Pauperis (Dkt. 1), Complaint (Dkt. 2), and Emergency Motion for Temporary Restraining Order (Dkt. 3).

On March 30, 2026, the Court granted Rodriguez's Application and allowed her to proceed without prepaying filing fees. Dkt. 6, at 2–3. The Court also screened Rodriguez's Complaint and found it contained plausible causes of action. *Id*. at 3–5.[1] Finally, the Court declined to grant any temporary relief. *Id*. at 5–6.

---

[1] Broadly speaking, Rodriguez alleges she has been the recipient of public housing assistance funds from Defendants for almost 10 years based upon her disabilities. Last fall, Defendants notified Rodriguez she needed to complete her annual recertification. Ultimately, Defendants terminated Rodriguez from the program because she failed to provide accurate, updated materials. Rodriguez now alleges Defendants failed to provide her due process and violated her rights under the Fourteenth Amendment when they terminated her from the program. Furthermore, Rodriguez claims Defendants failed to provide her with a reasonable accommodation under the Rehabilitation Act.

Thereafter, the Court effectuated service on Defendants (Dkt. 7) who quickly appeared (Dkt. 8).

The Court then denied Rodriguez's Motion to Appoint Counsel and required Defendants to respond to Rodriguez's various motions seeking injunctive relief. Dkt. 17.

Defendants Answered (Dkt. 19) and opposed Rodriguez's motions for temporary restraining orders (Dkt. 20). Rodriguez filed various replies and updates. Dkts. 21, 22, 23.

At this point, Rodriguez has filed: (1) an Emergency Motion for Temporary Restraining Order (Dkt. 3); (2) a Renewed Emergency Motion for Temporary Restraining Order (Dkt. 12); (3) an Emergency Motion for Expedited Hearing (Dkt. 15); and (4) various other documents including an Urgent Supplement (Dkt. 16) and two Emergency Notices (Dkts. 18, 23). Each of these filings relate to Rodriguez's position that Defendants should continue providing her with financial housing assistance during the pendency of this suit.

The Court will collectively review these filings under the standards relative to temporary restraining orders and preliminary injunctions.

## II. LEGAL STANDARD

A plaintiff seeking a preliminary injunction or a temporary restraining order ("TRO") "must establish [1] that he is likely to succeed on the merits, [2] that he is likely to suffer irreparable harm in the absence of preliminary relief, [3] that the balance of equities tips in his favor, and [4] that an injunction is in the public interest." *CTIA-The Wireless Ass'n v. City of Berkeley*, 854 F.3d 1105, 1114 (9th Cir. 2017) (citation modified). A preliminary injunction and a TRO generally serve the same purpose of "preserv[ing] the status quo ante litem pending a determination of the action on the merits." *L.A. Mem'l*

MEMORANDUM DECISION AND ORDER - 2

*Coliseum Comm'n v. NFL*, 634 F.2d 1197, 1200 (9th Cir. 1980); *see also* Fed. R. Civ. P. 65.

Nevertheless, certain circumstances warrant divergence from the status quo. Preliminary relief may take one of two forms: (1) prohibitory which prohibits "a party from taking action and preserves the status quo pending a determination of the action on the merits" and (2) mandatory which "orders a responsible party to take action." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma BmbH & Co.*, 571 F.3d 873, 879 (9th Cir. 2009) (citation modified). "A mandatory injunction goes well beyond simply maintaining the status quo pendente lite and is particularly disfavored." *Id.* (citation modified). "In general, mandatory injunctions are not granted unless extreme or very serious damage will result and are not issued in doubtful cases or where the injury complained of is capable of compensation in damages." *Id.* (citation modified).

It is well-established that whether a preliminary injunction or a TRO should be issued is committed to the sound discretion of the district court. *Jimenez v. Barber*, 252 F.2d 550, 554 (9th Cir. 1958).

### III. DISCUSSION

Having considered all of Rodriguez's filings and Defendants' response, the Court finds Rodriguez has not met her burden to receive emergent, injunctive relief.

### A. Likelihood of Success on the Merits

Rodriguez's claims center around her belief that Defendants failed to afford her adequate due process when they denied her housing assistance benefits. But the current record belies Rodriguez's position. By all accounts Defendants tried to work with

MEMORANDUM DECISION AND ORDER - 3

Rodriguez before her benefits terminated and provided her with multiple opportunities to rectify the situation. Specifically, Defendants gave Rodriguez notice of her shortcomings and provided multiple (and extended) deadlines for compliance. When Rodriguez still failed to comply, Defendants began the process of discontinuing her benefits. Even then, Defendants provided Rodriguez with notice, an opportunity to be heard, and multiple decision-makers. Simply put, it appears Rodriguez received due process; Rodriguez simply did not agree with that process (or the outcome). But such is not enough to mount such a challenge.

As the Court has explained before, a Plaintiff "may disagree with the outcome of the process, or even the process itself," but unless she can point to a true constitutional deprivation, she "cannot claim to have received no process, nor can [her] disagreement with the process (or outcome) rise to the level of a constitutional violation." *IRWS, LLC v. Elmore Cnty.*, 709 F. Supp. 3d 1158, 1167 (D. Idaho 2023).

Thus, it does not appear Rodriguez has a likelihood of success on her due process claims. At the very least, she has not set forth facts or allegations sufficient to enjoin Defendants at this early stage.

## B. Remaining Factors

Because Rodriguez cannot prove a likelihood of success on the merits, the Court need not consider the other elements for a preliminary injunction. *See, e.g.*, *Cascadia Wildlands v. Thrailkill*, 806 F.3d 1234, 1244 (9th Cir. 2015) ("Because the district court acted within its discretion in reaching that conclusion [of no likelihood of success on the merits], we need not consider the remaining preliminary injunction factors.");

MEMORANDUM DECISION AND ORDER - 4

*Conservation Cong. v. U.S. Forest Serv.*, 720 F.3d 1048, 1058 (9th Cir. 2013) (affirming district court's denial of a preliminary injunction based only on review of the lack of a likelihood of success on the merits).

Nevertheless, the Court finds Rodriguez has not met her burden on any of these factors either.

First, irreparable harm. Rodriguez has indicated her landlord recently began eviction proceedings against her for nonpayment of rent. Dkt. 23. The Court does not know the status of those proceedings. While the Court can appreciate the gravity of eviction and the harm it will cause Rodriguez, there is no evidence a money judgment in this case cannot compensate her (assuming she prevails). Thus, the harm is not irreparable.

Second, the balance of equities. Rodriguez was given multiple opportunities to rectify the problems with her housing assistance paperwork. She chose not to work with Defendants and, as a result, her benefits were revoked. She bears some of that burden and it would be unequitable to penalize Defendants for her failures.

Finally, the public interest. Rodriguez concedes she was a participant in Defendants' program for a long time and was aware of the requirements to maintain her participation in that program. Forcing Defendants to expend its limited funds to reinstate Rodriguez's participation after she failed to comply with their rules would not be in the public interest as would result in another household losing their ability to participate in the program.

The remaining factors do not support injunctive relief either.

### IV. CONCLUSION

This is not the final order in this case. This is simply an order on Rodriguez's

MEMORANDUM DECISION AND ORDER - 5

emergency motions. This matter will now proceed along its ordinary course.

## V. ORDER

1.    Rodriguez's Emergency Motions (Dkts. 3, 12, 15) are DENIED.

DATED: April 28, 2026

David C. Nye
U.S. District Court Judge