UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| DANIELLE MARI RODRIGUEZ,<br><br>        Plaintiff,<br><br>v.<br><br>HOUSING ALLIANCE AND COMMUNITY PARTNERSHIPS (formerly Pocatello Housing Authority); and DR. JARED MANGUM, in his official and individual capacity,<br><br>        Defendants. | Case No. 4:26-cv-00173-DCN<br><br>**MEMORANDUM DECISION AND ORDER** |

## I. INTRODUCTION AND BACKGROUND

Rodriguez is a former participant in housing assistance programs administered by Defendants. On November 1, 2025, Defendants notified Rodriguez that she must complete the annual recertification process by November 15, 2025, to remain eligible for housing assistance.

On December 1, 2025, Defendants sent another notice to Rodriguez informing her of the potential termination of housing assistance because she had failed to complete recertification and gave her "one more opportunity to comply," by December 23, 2025. *See* Dkt. 2, at 4. That date also passed without Rodriguez completing recertification, so Defendants sent a termination of assistance letter on December 31, 2025, followed by additional notices in February of 2026 instructing Rodriguez to complete recertification or risk the termination of her housing assistance.

MEMORANDUM DECISION AND ORDER - 1

Subsequently, Defendants provided Rodriguez an informal hearing on February 19, 2026. After the hearing, Defendants decided to terminate Rodriguez's benefits.

On March 25, 2026, Rodriguez filed an Application to Proceed In Forma Pauperis (Dkt. 1), Complaint (Dkt. 2), and Emergency Motion for Temporary Restraining Order (Dkt. 3).

On March 30, 2026, the Court granted Rodriguez's Application and allowed her to proceed without prepaying filing fees. Dkt. 6, at 2–3. The Court also screened Rodriguez's Complaint and found it contained plausible causes of action. *Id.* at 3–5. The Court further declined to grant any temporary relief. *Id.* at 5–6.

Thereafter, the Court effectuated service on Defendants (Dkt. 7) who quickly appeared (Dkt. 8).

The Court then denied Rodriguez's Motion to Appoint Counsel and required Defendants to respond to Rodriguez's various motions seeking injunctive relief. Dkt. 17.

Defendants Answered (Dkt. 19) and opposed Rodriguez's motions for temporary restraining orders (Dkt. 20). Rodriguez filed various replies and updates. Dkts. 21, 22, 23.

At this point, Rodriguez has filed: (1) an Emergency Motion for Temporary Restraining Order (Dkt. 3); (2) a Renewed Emergency Motion for Temporary Restraining Order (Dkt.12); (3) an Emergency Motion for Expedited Hearing (Dkt. 15); (4) various other documents including an Urgent Supplement (Dkt. 16), two Emergency Notices (Dkts. 18, 23); and (5) an Amended Complaint and Demand for Jury Trial and a second Renewed Emergency Motion for Temporary Restraining Order and Preliminary Injunction (Dkts. 25, 26). Each of these filings relate to Rodriguez's position that Defendants should continue

MEMORANDUM DECISION AND ORDER - 2

providing her with financial housing assistance during the pendency of this suit.

Before the Court today is Rodriguez's second Renewed Emergency Motion for Temporary Restraining Order and Preliminary Injunction. Dkt. 26. The Court's Order on this matter is below.

## II. LEGAL STANDARD

A plaintiff seeking a preliminary injunction or a temporary restraining order ("TRO") "must establish [1] that he is likely to succeed on the merits, [2] that he is likely to suffer irreparable harm in the absence of preliminary relief, [3] that the balance of equities tips in his favor, and [4] that an injunction is in the public interest." *E.g.*, *CTIA-The Wireless Ass'n v. City of Berkeley*, 854 F.3d 1105, 1114 (9th Cir. 2017) (citation modified). A preliminary injunction and a TRO generally serve the same purpose of "preserv[ing] the status quo ante litem pending a determination of the action on the merits." *L.A. Mem'l Coliseum Comm'n v. NFL*, 634 F.2d 1197, 1200 (9th Cir. 1980); *see also* Fed. R. Civ. P. 65.

Nevertheless, certain circumstances warrant divergence from the status quo. Preliminary relief may take one of two forms: (1) prohibitory which prohibits "a party from taking action and preserves the status quo pending a determination of the action on the merits" and (2) mandatory which "orders a responsible party to take action." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma BmbH & Co.*, 571 F.3d 873, 879 (9th Cir. 2009) (citation modified). "A mandatory injunction goes well beyond simply maintaining the status quo pendente lite and is particularly disfavored." *Id.* (citation modified). "In general, mandatory injunctions are not granted unless extreme or very serious damage will result

MEMORANDUM DECISION AND ORDER - 3

and are not issued in doubtful cases or where the injury complained of is capable of compensation in damages." *Id.* (citation modified).

It is well-established that whether a preliminary injunction or a TRO should be issued is committed to the sound discretion of the district court. *Jimenez v. Barber*, 252 F.2d 550, 554 (9th Cir. 1958).

## III. DISCUSSION

Having again considered all of Rodriguez's filings and Defendants' response, the Court finds Rodriguez has not met her burden to receive emergent, injunctive relief. As Rodriguez's second Renewed Emergency Motion raises few new factual allegations, and the new allegations are not significant, the Court's analysis below remains substantially the same as it was in the previous Order. *See* Dkt. 24, at 3–5.

### A. Likelihood of Success on the Merits

As stated in the Court's previous Order pertaining to Rodriguez's earlier requests for a temporary restraining order or preliminary injunction, Rodriguez's claims stem from her belief that Defendants deprived her of due process when they denied her housing assistance benefits, but the record contradicts her position. Dkt. 24, at 4. While Rodriguez makes a few new factual allegations in her second renewed motion, all signs indicate that Defendants tried to work with Rodriguez on her recertification prior to terminating her benefits, as they gave her multiple opportunities to fix the situation. Only after Rodriguez failed to comply with the repeatedly extended deadlines for recertification did the Defendants begin discontinuing her benefits. Further, when Defendants did so, they did in fact provide her with notice, an opportunity to be heard, and multiple decision-makers. This

MEMORANDUM DECISION AND ORDER - 4

shows there was due process, and that Rodriguez was just unhappy with the result of that process.

As the Court has explained before, a Plaintiff "may disagree with the outcome of the process, or even the process itself," but unless she can point to a true constitutional deprivation, she "cannot claim to have received no process, nor can [her] disagreement with the process (or outcome) rise to the level of a constitutional violation. *IRWS, LLC v. Elmore Cnty.*, 709 F. Supp. 3d 1158, 1167 (D. Idaho 2023).

Thus, Rodriguez does not appear to have a likelihood of success on the merits of her Due Process claims.

## B.  Remaining Factors

The Court explained in its previous Order that because Rodriguez is unable to prove she is likely to succeed on the merits of her claims, the Court is not required to consider the other factors for a temporary restraining order or preliminary injunction. *See, e.g.*, *Cascadia Wildlands v. Thraikill*, 806 F.3d 1234, 1244 (9th Cir. 2015).

However, to provide Rodriguez with the full reasoning behind this decision, the Court will explain below why Rodriguez has not met her burden on the remaining factors.

First, as to irreparable harm, the Court has still not been notified of the status of any pending eviction proceedings brought by Rodriguez's landlord against her. While the Court appreciates the impact eviction would have on Rodriguez, nothing in this case indicates that a money judgment would be insufficient to compensate Rodriguez (again, assuming she prevails on the merits). Thus, the harm is not irreparable.

Second, the balance of equities. The Court previously explained that this factor

MEMORANDUM DECISION AND ORDER - 5

weighs against Rodriguez because she was given many opportunities to rectify the problems with her recertification but declined to do so. It would be inequitable to penalize Defendants for Rodriguez's failure to participate in the recertification process.

Finally, as to the public interest, the Court still finds it would not be in the public interest to grant Rodriguez injunctive relief. Requiring Defendants to spend resources that would otherwise be used for other qualified participants in the housing assistance program on providing housing for Rodriguez after she failed to cooperate in the recertification process would be unfair and contradict the public interest.

In short, the remaining factors further cut against Rodriguez's argument for emergency relief.

## IV. CONCLUSION

Again, this is not the final order in this case, but simply the Court's response to Rodriguez's emergency motions. This matter will continue to proceed along its ordinary course.

## V. ORDER

Now, therefore, it is **HEREBY ORDERED:**

1. Rodriguez's second Renewed Emergency Motion for Temporary Restraining Order and Preliminary Injunction (Dkt. 26) is DENIED.

DATED: June 9, 2026



David C. Nye
U.S. District Court Judge

MEMORANDUM DECISION AND ORDER - 6