UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| DANIELLE MARI RODRIGUEZ,<br><br>Plaintiff,<br><br>v.<br><br>HOUSING ALLIANCE AND COMMUNITY PARTNERSHIPS (formerly Pocatello Housing Authority); and DR. JARED MANGUM, in his official and individual capacity,<br><br>Defendants. | Case No. 4:26-cv-00173-DCN<br><br>**MEMORANDUM DECISION AND ORDER** |

## I. INTRODUCTION

Before the Court are three motions filed by Plaintiff Danielle Rodriguez: a Motion for Issuance of Summonses and Service (Dkt. 33); an Emergency Motion for Relief (Dkt. 34); and a Motion to Compel Discovery (Dkt. 38). Upon review, and for the reasons set forth below, the Motion for Issuance of Summonses and Service is GRANTED and the remaining motions are DENIED.

## II. BACKGROUND

This is a civil rights action. Dkt. 1. Rodriguez is a former participant in housing assistance programs administered by Defendants. Defendants terminated Rodriguez's assistance because she failed to complete the required recertification process in a timely manner. Rodriguez claims this was a violation of her rights.

Rodriguez has filed numerous motions in this case—most seeking emergent relief. The Court has denied those motions. *See, e.g.,* Dkts. 17, 24, 31.

Rodriguez has now filed three additional motions.

First, Rodriguez asks that the Court serve her Amended Complaint. Dkt. 33.

Second, Rodriguez has filed another emergency motion seeking a temporary restraining order from the Court. This is, however, essentially a motion asking the Court to reconsider its prior decisions denying emergency relief based upon purportedly new facts. At its base, Rodriguez's request is the same is has been all along: for the Court to intervene and require that Defendants restore her housing assistance during this pendency of this suit.

Third and finally, Rodriguez claims Defendants are not responding to her discovery requests and seeks an order compelling the same.

## III. DISCUSSION

### A. Motion for Summonses and Service (Dkt. 33)

The Court granted Rodriguez in forma pauperis status and served her original complaint. Dkt. 6. Rodriguez then filed an Amended Complaint listing three additional Defendants. Dkt. 25. She now asks that the Court serve these Defendants.

Consistent with the Court's prior holding, it will grant the Motion and serve the new Defendants as outlined below. The Motion is GRANTED.

### B. Emergency Motion for Relief (Dkt. 34)

The Court has reviewed Rodriguez's most recent filing and finds nothing therein warrants a departure from the Court's prior rulings on these issues. Rodriguez has not

met her burden to obtain a TRO. She has not shown a likelihood of success on the merits of her claims, and the Court will not intervene at this stage. The Motion is DENIED.

**C. Motion to Compel (Dkt. 38)**

Discovery in this case has not yet begun. The Court only recently entered a litigation plan and an official scheduling order is not even in place. Therefore, it cannot be said that Defendants have been derelict in responding to Rodriguez's discovery request. It does appear the parties have already engaged in the exchange of some information—which is fine—but the Court will not hold Defendants responsible for any purported shortcomings when, again, there is nothing actually governing the disclosure and dissemination of discovery in this case. The Motion is DENIED.

## IV. ORDER

1. Because the Court granted Rodriguez in Forma Pauperis status, her Motion for Summonses and Service (Dkt. 33) is GRANTED. Pursuant to Federal Rule of Civil Procedure 4(c)(3) and 28 U.S.C. § 1915, the Court will serve Rodriguez's documents on Defendants Amanda Johnson, Sherryl Hawes, and Kimberly Phillips as follows:

    a. The Clerk of the Court shall forward a copy of the Amended Complaint (Dkt. 25), a copy of this Order (Dkt. 47), and a Waiver of Service of Summons to each of the three Defendants at 711 North 6th Ave, Pocatello, ID, 83201.

    b. The Court will allow each Defendant to waive service of summons by executing, or having their counsel execute, the Waiver of Service of

Summons as provided by Fed. R. Civ. P. 4(d) and returning it to the Court within thirty (30) days. If any Defendant chooses to return the Waiver of Service of Summons, the answer or pre-answer motion shall be due in accordance with Federal Rule of Civil Procedure 12(a)(1)(A)(ii).

c. If Rodriguez receives a notice indicating that service *will not* be waived, she shall have an additional thirty (30) days from the date of such notice to file a notice of physical service, in which case the Court will require its officers to effect service. If Rodriguez fails to file such notice, her claims may be dismissed without prejudice and without further notice.

2. Rogriguez's Emergency Motion (Dkt. 34) and Motion to Compel (Dkt. 38) are DENIED.

DATED: November 23, 2026

David C. Nye
U.S. District Court Judge